UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO CARLOS RODRIGUEZ PASCACIO,

Petitioner,

v. Case No.: 2:26-cv-02470-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER,

Respondent.

______________________________/

**OPINION AND ORDER**

Before the Court are Roberto Carlos Rodriguez Pascacio's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Rodriguez Pascacio's reply (Doc. 5).

Rodriguez Pascacio is a native and citizen of Mexico who entered the United States on October 29, 2023. Border Patrol encountered him in Sasabe, Arizona and commenced removal proceedings by issuing a notice to appear. On June 11, 2026, the Charlotte County Sheriff's Office (CCSO) conducted a traffic stop of a vehicle in which Rodriguez Pascacio was a passenger. The CCSO arrested Rodriguez Pascacio because of his immigration status, detained him until June 13, 2026, then handed him over to Immigration and Customs Enforcement (ICE).

At a custody redetermination hearing on August 11, 2026, Immigration Judge Frank Pimentel denied bond with this order: "Flight risk due to absence of any pending relief." (Doc. 4-1). But the government's own records conflict with the sole factual basis for Judge Pimentel's decision. An ICE officer completed a Form I-213, Record of Deportable/Inadmissible Alien, on June 13, 2026. The Form I-213 states, "Subject has a pending I-589"—that is, an application for asylum and withholding of removal. (Doc. 4-1 at 2).

Rodriguez Pascacio claims his detention violates the Fifth Amendment because Judge Pimentel's bond denial was based on a mischaracterization of the facts. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. § 1226(e) does not apply here because Rodriguez Pascacio does not ask the Court to review a discretionary bond decision or reweigh evidence. Rather, the petition states a bona fide due process claim. The government's response contains no due process analysis.

Because Rodriguez Pascacio's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process

Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or *offered an explanation that contradicts the evidence before it.*" *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The government's own evidence contradicts Judge Pimentel's sole factual justification for Rodriguez Pascacio's continued detention. Judge Pimentel found Rodriguez Pascacio a flight risk based solely on an absence of pending relief, while the I-213 indicates Rodriguez Pascacio has a pending application for asylum and withholding of removal. Because the government's

explanation for Rodriguez Pascacio's continued detention contradicts the evidence before it, the decision is arbitrary.

In sum, Rodriguez Pascacio made a *prima facie* case that his detention violates his Fifth Amendment liberty rights, and the government presents no evidence to justify for his detention.

Accordingly, it is hereby

**ORDERED**:

Roberto Carlos Rodriguez Pascacio's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Rodriguez Pascacio and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, FL on September 23, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record